UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>ELIX WADE,<br><br>                    Defendant. | NO. CR-06-6020-LRS<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION FOR NEW TRIAL** |

     The Defendant has been convicted of Possession of a Firearm by A
Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). This matter
comes before the Court on Defendant's Motion for New Trial (Ct. Rec.
83).  Pursuant to Fed.R.Crim.P. Rule 33, the Court considered the
motion.  The motion was timely filed and no oral argument was
requested.  After consideration of the written record, the testimony
of the witnesses, and argument by counsel, the Court issues this order
denying Defendant's  motion.

**I.    Defendant's Motion for New Trial**

     "A district court's power to grant a motion for a new trial is
much broader than its power to grant a motion for judgment of
acquittal. *United States v. Alston*, 974 F.2d 1206, 1211 (9th

ORDER. . . - 1

Cir.1992). "The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). Thus, "[i]f the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Kellington*, 217 F.3d at 1097 (quoting *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980)).

The Court concludes that the evidence *does not* preponderate sufficiently heavily against the verdict to suggest a serious miscarriage of justice may have occurred. The Defendant has cited the following allegations of error which he claims would warrant the grant of a new trial:

**1. Prosecutorial Misconduct**

Defendant argues he is entitled to a new trial because of prosecutorial misconduct. More specifically, Defendant states that the United States Attorney's comments to the jury during closing argument "played exclusively to the passions of the jury when he argued they would have to find Officer Aparicio lied in order to find the defendant Not Guilty." Ct. Rec. 84 at 1. In essence, Defendant argues that the

ORDER. . . - 2

prosecutor improperly vouched for or attempted to bolster the

testimony of a government witness in arguments to the jury.

A prosecutor may neither vouch for nor bolster the testimony of a

government witness in arguments to the jury. *United States v.*

*Roberts*, 618 F.2d 530, 533 (9th Cir. 1980) "Vouching occurs when the

prosecutor indicates a personal belief in the credibility or honesty

of a witness; bolstering is an implication by the government that the

testimony of a witness is corroborated by evidence known to the

government but not known to the jury." *U.S. v. Sanchez*, 118 F.3d 192,

198 (4th Cir. 1997).

The Court finds that United States Attorney's closing argument,

presenting a hypothetical that "Let's say Officer Aparicio is out to

get this defendant, he's going to make up a story, he's going to lie

to you to get this defendant" did not improperly vouch for witness's

testimony, as it contained no statement regarding the prosecutor's

personal beliefs.  This statement does not fit the definition of

either vouching or bolstering. It cannot be vouching, since the United

States Attorney made no statement about his personal belief in the

truth of the statement. The United States Attorney stated only that,

given defense's inference that Officer Aparicio was out to get this

defendant, he argued that it would have been more in the Officer's

interest to state that defendant possessed a firearm.  Likewise, it

cannot be considered bolstering, as it does not refer to evidence not

presented to the jury.

ORDER. . . - 3

To successfully move for a new trial based on prosecutorial misconduct, a defendant must show that it is "more probable than not that the [prosecutorial] misconduct materially affected the verdict." *United States v. Hinton*, 31 F.3d 817, 824 (9th Cir.1994) (*citing to United States v. Christophe*, 833 F.2d 1296, 1301 (9th Cir.1987). Reversal will only be necessary if the alleged prosecutorial misconduct actually deprived the defendant of a fair trial. *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir.1988), cert. denied, 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988). The prosecutor's alleged misconduct must be evaluated in the context of the <u>entire</u> trial. *Id*. [Emphasis added.]

It has long been recognized that,

> [t]he United States Attorney is the representative not
> of an ordinary party to a controversy, but of a
> sovereignty whose obligation to govern impartially is
> as compelling as its obligation to govern at all; and
> whose interest, therefore, in a criminal prosecution is
> not that it shall win a case, but that justice shall be
> done. As such, he is in a peculiar and very definite
> sense the servant of the law, the twofold aim of which
> is that guilt shall not escape or innocence suffer. He
> may prosecute with earnestness and vigor-indeed, he
> should do so. But, while he may strike hard blows, he
> is not at liberty to strike foul ones. It is as much
> his duty to refrain from improper methods calculated to
> produce a wrongful conviction as it is to use every
> legitimate means to bring about a just one...

*Berger v. U.S.*, 295 U.S. 78, 88, 55 S.Ct. 629, 633 (1935)(per Sutherland, J.).

Even if the prosecutor's closing used the word 'lie,' "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the

ORDER. . . - 4

prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947 (1982).  A new trial based on prosecutorial misconduct is granted only where the defendant shows that "the conduct more probably than not materially affected the fairness of the trial." *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996). That showing has not been made here.

**2. Testimony by Officer Aparicio**

During cross-examination at trial, the Government's witness Officer Aparicio was questioned about statements made by the Defendant regarding the firearm.  Officer Aparicio stated that the Defendant denied throwing anything.  On a follow-up question about statements regarding the gun, Officer Aparicio stated that the Defendant stated he would have to plead the Fifth.  Defense counsel moved for a mistrial based on the statement, and the Court addressed the issue during a side bar.  The Court subsequently denied Defendant's motion for mistrial and the statement was stricken[1] and the jury was properly instructed by the Court.

Defendant's Motion for New Trial also alleges that a new trial should be granted based on the testimony of Officer Aparicio that the

---

[1]In a footnote in the Order Denying Defendant's Motion to Suppress entered on July 6, 2006 following an evidentiary hearing, the Court suppressed Defendant's statement regarding his invocation of the 5th Amendment, finding it would serve no legitimate purpose before the jury. Ct. Rec. 61, at 2.

ORDER. . . - 5

Defendant exercised his right to remain silent under the 5th Amendment when asked about the firearm. See Ct. Rec. *84* at 3-4. Defendant asserts that the Government may not intentionally make or solicit comments concerning a Defendant's right to remain silent. It is not clear what the Defendant believes the Government did in this regard but his brief suggests the Government intentionally or accidentally solicited comments from Officer Aparicio regarding Defendant's right to invoke the 5th Amendment right.

The Government responds that it did not illicit any testimony on direct examination regarding post-arrest silence. Rather, the Government argues, it offered statements that were made by the Defendant after being advised and subsequently waiving his *Miranda* rights.

The Court finds that the challenged statement of Officer Aparicio, made under a rigorous cross-examination, was accidental and undeliberate. Considering the context in which it occurred, the likely curative effect of the judge's instructions to the jury, and the strength of the evidence against the Defendant, any alleged error committed by the court was harmless.

Under Federal Rule of Criminal Procedure 33, the district court "may grant a new trial to [the] defendant if required in the interest of justice." Fed.R.Crim.Pro. 33. To satisfy this standard, the defendant must show that: (1) newly discovered evidence exists, (2) the fact that it is newly discovered is not due to a lack of diligence

ORDER. . . - 6

on the defendant's part, (3) the evidence is material to the issues at trial, (4) the evidence is not cumulative or merely impeaching, and (5) the evidence indicates that a new trial would probably result in an acquittal. *See United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991).  The burden of demonstrating prejudicial error, on motion for new trial, is on defendant.  3 C. Wright, Federal Practice and Procedure: Criminal 2d, § 551 (1982). "Courts disfavor new trials, and exercise great caution in granting them." *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir.1987) (citations omitted).  Because motions for new trial are not regarded with favor, such motions are granted only with great caution, being addressed to the sound discretion of the court. *United States v. Page*, 828 F.2d 1476 (10th Cir.), *cert. denied*, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987)

   Defendant fails to meet the five-part test established by this court.  Officer Aparicio's comment, during a vigorous cross-examination by defense counsel, that Defendant exercised his right to remain silent under the 5th Amendment, is not newly discovered evidence for purposes of a motion for new trial.  Moreover, the jury was specifically instructed to ignore Officer Aparicio's comment when objected to by counsel.  Accordingly, the Court denies the Defendant's request for new trial on this claim.  Moreover, in the view of the court, the jury conscientiously and carefully performed its office.

ORDER. . . - 7

The court finds that there was substantial competent evidence to support the verdict of guilty.

**II.  Conclusion**

In this case, the Court is unconvinced the prosecutor's use of the term "lie" in the actual context of the closing statement was so prejudicial as to require a mistrial.  Additionally, the Court instructed the jury on the occasion to disregard the comment of Officer Aparicio on cross-examination and to draw no inference from it.  Because his statement was not sufficiently prejudicial to demonstrate the futility of the court's curative directive, the undersigned believes any alleged error was harmless.  In sum, while Officer Aparacio's statement at issue was evidence the Court had suppressed, it was seemingly unintentional, extracted by defense counsel in cross-examination, and any prejudicial effect was ameliorated by curative instructions and competent evidence of Defendant's guilt.

Accordingly, **IT IS HEREBY ORDERED:**

Defendant's Motion for New Trial (Ct. Rec. 83) is **DENIED**.

The District Court Executive is directed to enter this Order and forward copies of this Order to counsel.

**DATED** this ___1st___ day of September, 2006.

s/Lonny R. Suko

_____
        LONNY R. SUKO
United States District Judge