UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>ELIX WADE,<br><br>              Defendant. | NO. CR-06-6020-LRS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING NEW TRIAL** |

The Defendant was been convicted of Possession of a Firearm by A Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). On September 1, 2006 the Court issued an Order Denying Defendant's Motion for a New Trial. This matter comes before the Court on Defendant's Motion to Reconsider Order Denying New Trial (Ct. Rec. 120) filed December 21, 2006. After reconsideration of the written record, the testimony of the witnesses, and argument by counsel, the Court issues this order denying Defendant's motion to reconsider the Court's Order dated September 1, 2006 (Ct. Rec. 88) for the reasons enumerated below.

**I.   Legal Standard**

"A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir.1992). "The court

ORDER. . . - 1

is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir.2000). Thus, "[i]f the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Kellington*, 217 F.3d at 1097 (*quoting United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980)).

The Court concludes that the evidence does not preponderate sufficiently heavily against the verdict to suggest a serious miscarriage of justice may have occurred. This case has been properly tried and the jury's verdict is supported by substantial evidence.

**II. Discussion**

The government first points out that the current motion resembles a second motion for a new trial. As a motion for a new trial, the government asserts that it is well beyond seven days from a finding of guilt and, as such, untimely.

Defendant's motion expands the issues earlier asserted in support of his request for a new trial. While a motion for reconsideration is not a vehicle to reargue a motion or to present evidence which should have been raised before, the Court will briefly discuss the allegations of error which Defendant claims would warrant the grant of a new trial.

ORDER. . . - 2

The Court concludes that Defendant has not set forth any facts or law of a strongly convincing nature to induce this Court to reverse its prior decision.

**1. Prosecutorial Misconduct and Improper Comments**

Defendant argues, through new counsel[1] appointed on September 21, 2006, he is entitled to a new trial because of "numerous improper examples of prosecutorial misconduct." Ct. Rec. 121, at 1. More specifically, Defendant states that the Assistant United States Attorney improperly made comments to arouse the passions and prejudices of the jury as well as shift the burden of proof. Ct. Rec. 121 at 2. The Defendant asserts that the prosecutor made excuses for the government's failure to meet its burden re: lack of Defendant Wade's print on the weapon, by stating the resources were going to Iraq. Defendant also asserts that the government argued for a lessened burden by improperly attacking defense counsel during closing with regard to counsel's chart of legal standards and its misrepresentation of the elements of proof. Further, Defendant argues again that the government vouched for Officer Aparicio's credibility when the prosecutor told the jury his testimony was consistent and that he was a credible witness. Id.

///

---

[1] On September 12, 2006, after the Court denied Defendant's Motion for New Trial, defense trial counsel filed a motion to withdraw from the case. In that motion, trial counsel stated the defendant sent him a letter requesting that he stop all work on the case.

ORDER. . . - 3

The Court notes that as to defense counsel's chart of legal standards, defense counsel objected to the government's comment in rebuttal argument, and the Court sustained the objection. Despite Defendant's suggestion that the prosecutor attacked the credibility of defense counsel and told the jury not to trust defense counsel, the Court does not find in the record that the prosecutor told the jury not to trust defense counsel or acted in an inappropriate manner as Defendant suggests. The Court cannot conclude that comments made by government counsel rose to the level of legal prejudice precluding a fair trial in this case.

Defendant's re-argument that the prosecutor improperly vouched for or attempted to bolster the testimony of a government witness in arguments to the jury is not convincing. "Vouching occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness; bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." *U.S. v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). The Court finds that the Assistant United States Attorney who tried this case did not "vouch" for the witness Officer Aparicio for reasons enumerated in its order denying defendant's first motion for a new trial. See Ct. Rec. 88, pages 2 & 3.

Defendant additionally suggests that the government did not disclose all *Brady* materials in this case and that the government opposed the gathering of new evidence. More specifically, defendant asserts that the

ORDER. . . - 4

government refused to release palm print exemplars, cartridge and ammunition and in doing so engaged in prosecutorial misconduct.

The Court does not find any prosecutorial misconduct with respect to the release of these items. After completion of trial, on December 5, 2006, the defendant filed a motion to compel the government to release the firearm, cartridge and ammunition. On December 21, 2006, the Court denied the defendant's motion. Ct. Rec. 119. The government maintains that the defendant was previously provided with all of the government's evidence in this case. Based on these representations and the Court's consideration of defendant's motion to compel, the Court does not find defendant's argument with respect to "new evidence" compelling, nor can defendant point to information suggesting that a different disposition should occur. The jury was fully informed by stipulation at trial that palm prints on the gun were not the defendant's thereby allowing him to argue that he could not have possessed the weapon. Defendant also had the full ability to claim that the government's failure to provide inculpatory print information or DNA from the magazine and bullets mitigated against a finding that the defendant had possessed the gun.

**2. Choice of Counsel**

Defendant's new argument that he was deprived of his choice of counsel also must fail. The transcript unequivocally indicates that the defendant was given additional time to speak with his attorney prior to the start of trial. After a recess, defense counsel stated that defendant requested he continue his representation. When the Court

ORDER. . . - 5

specifically inquired whether or not the defendant wanted Mr. Trejo to represent him, the defendant replied:

> Yeah, we resolved our differences, I feel that Mr. Trejo will do his best to represent me at his fullest, and I am prepared to go on with the trial.

Verbatim Report of Proceedings (7/24/06) at 13.

Based on defendant's own statements, it can hardly be said that he was deprived of his right to counsel of choice.

Defendant argues that the single reference to the defendant's desire to "plead the Fifth" in conjunction with jury instruction #6 prejudiced him. The Court respectfully disagrees based on the curative instruction to the jury to disregard the reference given in close proximity to the statement; The Court finds that jury instruction No. 6[2], approved by defense counsel, did not conflict with the Court's earlier instruction to disregard the subject statement. Finally, the Court finds the single reference to the desire to "plead the Fifth" did not prejudice the defendant's trial.

///

---

[2] Jury Instruction #6 reads: An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

ORDER. . . - 6

**III. Conclusion**

The Court concludes that Defendant has failed to set forth facts or law of a strongly convincing nature to induce this court to reverse its prior decision or grant Defendant's second request for a new trial. Accordingly, the Court denies the Defendant's request for reconsideration of its order denying a new trial and for defendant's renewed request for a new trial based on newly raised issues in this motion. Moreover, in the view of the court, the jury conscientiously and carefully performed its office. The court finds that there was substantial competent evidence to support the verdict of guilty.

**Accordingly, IT IS HEREBY ORDERED:**

Defendant's Motion to Reconsider Order Denying New Trial (Ct. Rec. 120) filed December 21, 2006 is **DENIED**.

The District Court Executive is directed to enter this Order and forward copies of this Order to counsel.

**DATED** this   23rd   day of February, 2007.

*s/Lonny R. Suko*
        LONNY R. SUKO
United States District Judge

ORDER. . . - 7