UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | NOS.  CR-06-6020-LRS |
| Respondent, | ) | CV-08-5082-LRS |
| | ) | |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| ELIX JERMAINE WADE, | ) | MOTION |
| | ) | |
| Petitioner. | ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 24, 2008 (Ct. Rec. 149, CR-06-6020-LRS, Ct. Rec. 1, CV-08-5082-LRS). The Motion is submitted by Elix Wade, who is appearing *pro se* for the purpose of these proceedings.

**I. BACKGROUND**

Mr. Wade was indicted on May 16, 2006 for Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1).  Mr. Wade proceeded to trial and was found guilty by a jury of Count One of the Indictment on July 25, 2006.  On August 1, 2006, Mr. Wade filed a motion for a new trial.  Ct. Rec. 83.  On September 1, 2007, the Court entered an Order Denying Defendant's Motion for New Trial.  Ct. Rec. 88.  On December 5, 2006, Mr. Wade, through his newly appointed attorney, filed a Motion to Compel Palm Print Exemplars and Release Ammunition and Cartridges For Testing. Ct. Rec. 114.  On December 21, 2006, the Court

ORDER - 1

entered an Order Denying Motion to Require Law Enforcement to Provide Palm Print Exemplars and to Release the Ammunition and Cartridge for Testing. Ct. Rec. 119. On December 21, 2006, Mr. Wade, through counsel, filed a Motion for Reconsideration of Order Denying Motion for New Trial. Ct. Rec. 120. On February 23, 2007, the Court entered an Order Denying Defendant's Motion To Reconsider Order Denying New Trial. Ct. Rec. 125. On March 1, 2007, Mr. Wade was sentenced to a 63-month term of imprisonment with three years supervised release; and a special assessment of $100. Mr. Wade filed a direct appeal of his judgment and sentence on March 1, 2007. On March 2, 2007 Dan Bruce was appointed to represent Mr. Wade. The United States Court of Appeals for the Ninth Circuit affirmed the judgment of the District Court on January 2, 2008. Ct. Rec. 148. Mr. Wade contends that his sentence is unconstitutional based on one ground: ineffective assistance of counsel. Ct. Rec. 149, at 5-6.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is

ORDER - 2

entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir.1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir.1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir.2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United

States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court."  Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**A.   GROUNDS ONE and TWO-INEFFECTIVE ASSISTANCE OF COUNSEL**

Mr. Wade alleges that his attorney George Trejo deprived him of his constitutional right to effective assistance of counsel.  In support of his ineffective counsel claim, Mr. Wade alleges two grounds:

1) "Counsel was ineffective for failing to pursue exculpatory investigative avenue provided by defendant."  Ct. Rec. 149-2 at 1.

2) "Counsel was ineffective for failing to renew the suppression motion after discovering a material variance between the testimony of Officer Aparicio and Agent Floyd of ATF at the suppression hearing and the one at trial."  Ct. Rec. 149-2 at 5.

1. <u>Pretrial Investigation</u>

Mr. Wade supports his allegations with a declaration of himself and a declaration of Lilton L. Green, Mr. Wade's uncle.  As to his first ground, Mr. Wade states that "there were eyewitnesses who would testify that he did not and could not have possessed, let alone threw away the

ORDER - 4

gun in question." Mr. Wade states that counsel barely visited Defendant to discuss the progress in his preparation of the case nor did counsel contact the witnesses he had agreed to contact. Ct. Rec. Rec. 149-2 at 2. Defendant's uncle, Lilton Green, states in his declaration that "every attempt to get Mr. Trejo to come to obtain their input was in vain." *Id.* Mr. Wade states he sought to remove Mr. Trejo from representing him but the trial judge declined to let counsel be removed or grant a continuance. *Id.*

Mr. Wade also states that at trial it was learned that "Officer Aparacio [sic] and other officers manhandled and denigrated the gun evidence without regard for their own rules concerning collection of fingerprint and DNA evidence and maintenance of chain of custody procedure." *Id.* at 4. Mr. Wade also suggests that the Pasco police department had a motive for allegedly and possibly framing him because of his connection to the BGD, a group that some of Mr. Wade's friends belonged to. Mr. Wade asks the Court to ultimately overturn his conviction due to his counsel's alleged failure to complete his investigation in his case.

Mr. Wade concludes that "there can be no question that counsel's failure to investigate, whether brought about by pure dereliction or because of Defendant's inability to continue to pay him was below professional standard and prejudiced Defendant." *Id.*

2.  <u>Renewal of Suppression Motion</u>

Mr. Wade alleges that had the trial judge known conclusively at the suppression hearing that his fingerprint was not on the gun, he would have granted the suppression motion. Ct. Rec. 149-2 at 6. Mr. Wade

ORDER - 5

argues that the absence of his fingerprint and DNA will prove that he never saw or possessed a gun. *Id*. at 7. Mr. Wade argues that "had counsel done the proper investigation and/or examined the evidence before the suppression hearing and trial, he would have been able to persuasively argue to the jury that some shennanigan [sic] had taken place." Mr. Wade suggests that counsel was angry he had not been paid and somehow this affected his decision not to renew the suppression motion after he was told to do so by Petitioner.

    C.   Analysis

After a careful review of the transcripts and file, the Court rejects Mr. Wade's arguments, and concludes that defense counsel's performance was not deficient. There is no showing that counsel's efforts were not those of a reasonably competent practitioner. Mr. Wade makes vague, conclusory and unsubstantiated allegations and points to no deficient performance by counsel which prejudiced his case or deprived him of an opportunity to have a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Likewise there is abundant evidence that counsel vigorously defended Mr. Wade at his evidentiary hearing for suppression of evidence and statements made by Mr. Wade at the time of his arrest.

Prior to arrest, however, the record is clear that Officer Aparicio had reasonable, articulable suspicion to stop the vehicle Petitioner/Defendant was in, while responding to a call that a fight was in progress at 603 N. Arbutus in Pasco, Washington. Officer Aparicio then observed the Petitioner/Defendant get out of the right side of the vehicle and run (or rapidly jog) away from law enforcement as Officer

Aparicio was telling one or more occupants of the vehicle to remain inside. Officer Aparicio then observed Petitioner/Defendant throw a heavy, angular object. Defendant then stopped, as commanded, and upon request for identification, gave law enforcement a false identity. The Court found that after further investigation during a reasonably brief 10-15 minute detention of Petitioner/Defendant, Officer Aparicio had probable cause to arrest Defendant based on his real identity as a felon, and the discovery of a loaded firearm in the vicinity of where the officer observed an object being thrown by Petitioner/Defendant. Ct. Rec. 61.

Mr. Wade contends that his lawyer failed to investigate his case and contact potential witnesses. Defense counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. *Id.; Burger v. Kemp*, 483 U.S. 776, 794-95, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

An attorney's failure to locate potential witnesses will usually constitute ineffective assistance when, without adequate justification, the attorney refuses or neglects to perform any investigation into leads directly related and of potentially great benefit to the defense. *See Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir.1995), *cert. denied*, 517 U.S. 1111, 116 S.Ct. 1335, 134 L.Ed.2d 485 (1996). However, defense counsel need not follow every idea suggested by his client. *See United*

*States v. Tucker*, 716 F.2d 576, 584 (9th Cir.1983) ("the duty to investigate and prepare a defense is not limitless: it does not necessarily require that every conceivable witness be interviewed"). The potential eyewitness Mr. Wade suggests that his attorney should have pursued is his uncle, who was a passenger in the car Petitioner was in close to the time of arrest. It is entirely possible that Mr. Wade's uncle would have been viewed as being biased and lacking credibility. The Court is guided to give deference to defense counsel's judgments.

As to other potential, unnamed witnesses, counsel's tactical decision in this regard does not constitute ineffective assistance. *Strickland*, 466 U.S. at 687. Even assuming arguendo that counsel's failure to investigate and present these unnamed witnesses was outside "the wide range of professionally competent assistance," Petitioner has failed to demonstrate prejudice. Petitioner's speculation regarding what these prospective witnesses would have testified to is insufficient for this purpose. *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir.2000) (ineffective assistance claim based on an alleged failure to investigate witness rejected where petitioner did not present an affidavit from witness demonstrating that he would have provided testimony helpful to the defense); *Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir.1997) (petitioner's ineffective assistance claim rejected where he presented no evidence concerning what counsel would have found had he investigated further, or what lengthier preparation would have accomplished); *United States v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir.1988) (no ineffective assistance based upon counsel's failure to call a witness where, among other things, there was no evidence in the record that the witness would

have testified). Petitioner has failed to demonstrate prejudice with respect to these claims.

Finally, the Court has reviewed Mr. Wade's "Supplement to §2255," Ct. Rec. 150, filed March 23, 2009, and finds that the disciplinary proceeding and suspension article regarding Mr. Trejo referenced by Petitioner has no direct applicability to this case. As such, it will carry no weight in this decision.

Petitioner has failed to demonstrate prejudice with respect to his ineffectiveness of counsel claims. In this regard he has failed to present any evidence suggesting a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Reviewing the transcripts and other papers filed in this case, the Court finds that Mr. Wade's circumstances did not amount to a constitutional violation of his 6th Amendment right. In addressing the issue of ineffective assistance of counsel, the Court is guided by *Strickland*. As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d

ORDER - 9

1506, 1511 (11th Cir.1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir.1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance ..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.' ' *Id* . (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id*. (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been <u>different</u>. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

ORDER - 10

Finally, in conducting this inquiry, we need not apply *Strickland*'s principles in a mechanical fashion. As the Supreme Court explained:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id*. at 697.

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible prejudice suffered by Mr. Wade. In either event, the result in this case is identical.

There is no indication that Mr. Wade was prejudiced. Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Under the prejudice prong of the inquiry, Petitioner "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003). This showing requires "more than some conceivable effect on the outcome of the proceeding." *Id*. Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his attorney had given the assistance that Petitioner has alleged he should have provided. This ineffectiveness claim is without merit. The Court finds that the Petitioner has not provided any evidence to convince this Court that his constitutional rights were violated.

The court must review the entire record when the sufficiency of the evidence is challenged in habeas proceedings. *Adamson v. Ricketts*, 758

F.2d 441, 448 n. 11 (9th Cir.1985), *vacated on other grounds*, 789 F.2d 722 (9th Cir.1986) (en banc), *rev'd*, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). It is the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319(1979). If the trier of fact could draw conflicting inferences from the evidence, the court in its review will assign the inference that favors conviction. *McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir.1994). The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict. *United States v. Mares*, 940 F.2d 455, 458 (9th Cir.1991). Thus, "[t]he question is not whether we are personally convinced beyond a reasonable doubt. It is whether rational jurors could reach the conclusion that these jurors reached." *Roehler v. Borg*, 945 F.2d 303, 306 (9th Cir.1991). After reviewing the record, this Court concludes that there was sufficient evidence introduced at Petitioner's trial to establish beyond a reasonable doubt that he possessed a firearm and that he was a prohibited person. Petitioner was convicted based largely on the testimony of the police officer, Aparicio, which the jury apparently believed.

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255. Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Wade's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 24, 2008 **(Ct. Rec. 149**, CR-06-6020-LRS; **Ct. Rec. 1**, CV-08-5082-LRS) is **DENIED**.

2. The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, Spokane, Washington; and

(c) **CLOSE THESE FILES**.

**DATED** this 31st day of March, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 13